IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARIAH DANIELS,<br><br>                Petitioner,<br><br>     vs.<br><br>M. D. BITER, Warden, Kern Valley State Prison,<br><br>                Respondent. | No. 2:11-cv-00282-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 20] |

      At Docket No. 20 Zachariah Daniels, a state prisoner appearing *pro se*, timely filed a Motion for Reconsideration of the Memorandum Decision and Judgment of this Court denying his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on September 19, 2012.[1] Daniels does not specify the authority under which he brought his motion. Because it was filed within twenty-eight days of the date of entry of judgment, this Court treats the motion as brought under Federal Rule of Civil Procedure 59(e).[2]

      There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is

---

[1] Docket Nos. 18 and 19.

[2] *American Ironworks & Erectors, Inc. v. North Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) ("[A] motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [twenty-eight] days of entry of judgment."); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law.[3] A Rule 59 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."[4] To justify an amendment to a judgment based upon newly discovered evidence, Daniels must "show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different."[5]

In his motion Daniels attempts to clarify his Petition by attacking his placement in administrative segregation immediately after the alleged assault that underlies the disciplinary action taken against him. Specifically, Daniels argues that placing him in administrative segregation and waiting a month before providing a reason was procedurally improper. Daniels did not raise this issue in his Petition. Thus it is not properly before this Court on a motion for reconsideration. Nor has Daniels provided any support for his conclusory allegation that placing him in administrative segregation was procedurally improper. Even if procedurally improper, Daniels has failed to allege facts showing that placing him in administrative segregation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life

---

[3] *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003); *see Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see generally* 11 C. Wright, A. Miller, M. Kane & R. Marcus, Fed. Prac. & Proc., § 2810.1 (2d ed. 2012).

[4] *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Fed. Prac. & Proc., § 2810.1, 127-28 (2d ed. 1995)).

[5] *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003) (citing *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992-93 (9th Cir. 2001)).

Case 2:11-cv-00282-JKS   Document 24   Filed 10/19/12   Page 3 of 3

sufficient to create a liberty interest protected by the Due Process Clause,[6] or how it somehow deprived of him of the due process requirements attendant to prison disciplinary proceedings mandated by *Hill* and *Wolff*.[7]  In short, Daniels has failed to provide any basis upon which this Court could reconsider its decision.

**IT IS THEREFORE ORDERED THAT** the Motion for Reconsideration at Docket No. 20 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[8]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[9]

Dated:  October 19, 2012.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[6] *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *see also May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) ("[A]dministrative segregation falls within the terms of confinement ordinarily contemplated by a sentence."); *Anderson v. County of Kern*, 45 F.3d 1310, 1315 (9th Cir. 1995) ("[N]o liberty interest in remaining in the general population" of prison.).

[7] *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-68 (1974).

[8] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))).

[9] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.